**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION, TOLEDO**

| | | |
|---|---|---|
| **CLE TRANSPORTATION, LLC** | : | |
| | : | |
| | : | Case No. 3:21-cv-02014 |
| **Plaintiff,** | : | |
| | : | Judge _____ |
| v. | : | |
| | : | Magistrate Judge _____ |
| **TOTAL TRANSPORTATION** | : | |
| **NETWORK, LLC, et al.** | : | |
| | : | |
| **Defendants.** | : | |

**ANSWER AND COUNTERCLAIM OF DEFENDANTS TOTAL TRANSPORTATION
NETWORK, LLC, ERIK H. NODELL, AND RICHARD SALE
TO PLANTIFF'S COMPLAINT
(With Jury Demand Endorsed Hereon)**

Now come Defendants Total Transportation Network, LLC ("TTN"), Erik H. Nodell, and Richard Sale, by and through the undersigned counsel, and for their Answer to the Complaint of Plaintiff CLE Transportation, LLC, state and aver as follows:

**FIRST DEFENSE:**

1. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph One (1) of Plaintiff's Complaint and, therefore, deny the same.

2. Defendants admit the allegations contained within Paragraph Two (2) of Plaintiff's Complaint.

3. Defendants admit the allegations contained within Paragraph Three (3) of Plaintiff's Complaint.

4. Defendants admit the allegations contained within Paragraph Four (4) of Plaintiff's Complaint.

5. Defendants deny the allegations contained within Paragraph Five (5) of Plaintiff's Complaint.

6. Defendants admit the allegations contained within Paragraph Six (6) of Plaintiff's Complaint.

7. Defendants admit in part and deny in part the allegations contained within Paragraph Seven (7) of Plaintiff's Complaint. Defendants admit that Plaintiff was required to prevent the load of soda bottles from freezing and that Plaintiff was utilizing a trailer equipped with a heater to transport the soda bottles. Defendants, however, deny the remaining allegations contained within Paragraph Seven (7) of Plaintiff's Complaint.

8. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Eight (8) of Plaintiff's Complaint and, therefore, deny the same.

9. Defendants admit in part and deny in part the allegations contained within Paragraph Nine (9) of Plaintiff's Complaint. Defendants admit that Plaintiff had picked up the load of soda for delivery. Defendants, however, deny the remaining allegations contained within Paragraph Nine (9) of Plaintiff's Complaint.

10. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Ten (10) of Plaintiff's Complaint and, therefore, deny the same.

11. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Eleven (11) of Plaintiff's Complaint and, therefore, deny the same.

12. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Twelve (12) of Plaintiff's Complaint and, therefore, deny the same.

13. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Thirteen (13) of Plaintiff's Complaint and, therefore, deny the same.

14. Defendants deny the allegations contained within Paragraph Fourteen (14) of Plaintiff's Complaint.

15. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Fifteen (15) of Plaintiff's Complaint and, therefore, deny the same.

16. Defendants admit in part and deny in part the allegations contained within Paragraph Sixteen (16) of Plaintiff's Complaint. Defendants admit that the soda bottles froze while in possession of Plaintiff. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph Sixteen (16) of Plaintiff's Complaint and, therefore, deny the same.

17. Defendants admit in part and deny in part the allegations contained within Paragraph Seventeen (17) of Plaintiff's Complaint. Defendants admit that the soda bottles froze while in possession of Plaintiff and that the entire load was ruined. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph Seventeen (17) of Plaintiff's Complaint and, therefore, deny the same.

18. Defendants deny the allegations contained within Paragraph Eighteen (18) of Plaintiff's Complaint.

19. Defendants deny the allegations contained within Paragraph Nineteen (19) of Plaintiff's Complaint.

20. Defendants admit the allegations contained within Paragraph Twenty (20) of Plaintiff's Complaint. Answering further, as detailed in Defendants' Counterclaim below, Plaintiff itself breached the contract for transportation of the load in question and is not entitled to payment for the load that it is responsible for damaging.

21. Defendants admit the allegations contained within Paragraph Twenty-one (21) of Plaintiff's Complaint. Defendants, however, deny any liability for claims asserted by Plaintiff.

22. Defendants admit the allegations contained within Paragraph Twenty-two (22) of Plaintiff's Complaint.

23. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph Twenty-three (23) of Plaintiff's Complaint and, therefore, deny the same.

24. Defendants admit the allegations contained within Paragraph Twenty-four (24) of Plaintiff's Complaint. Defendants, however, deny any liability for claims asserted by Plaintiff.

25. Defendants admit in part and deny in part the allegations contained within Paragraph Twenty-five (25) of Plaintiff's Complaint. Defendants admit that Mr. Nodell made submissions to FreightGuard on July 7, 2020. Defendants, however, deny that such submissions were false or defamatory. Defendants further deny the remaining allegations contained within Paragraph Twenty-five (25) of Plaintiff's Complaint and deny any liability for claims asserted by Plaintiff.

26. Defendants deny the allegations contained within Paragraph Twenty-six (26) of Plaintiff's Complaint.

27. Defendants admit in part and deny in part the allegations contained within Paragraph Twenty-seven (27) of Plaintiff's Complaint. Defendants admit that Mr. Sale engaged in email

communications with Plaintiff's insurer on July 7, 2020.  Defendants, however, deny that such statements were false or defamatory.  Defendants further deny the remaining allegations contained within Paragraph Twenty-seven (27) of Plaintiff's Complaint and deny any liability for claims asserted by Plaintiff.

28. Defendants admit in part and deny in part the allegations contained within Paragraph Twenty-eight (28) of Plaintiff's Complaint.  Defendants admit that Mr. Sale had included the statements quoted in Paragraph Twenty-eight (28) of Plaintiff's Complaint in his email communications with Plaintiff's insurer.  Defendants, however, deny that such statements were false.  Defendants further deny the remaining allegations contained within Paragraph Twenty-eight (28) of Plaintiff's Complaint.

29. Defendants deny the allegations contained within Paragraph Twenty-nine (29) of Plaintiff's Complaint.

30. Defendants deny the allegations contained within Paragraph Thirty (30) of Plaintiff's Complaint.

31. Defendants deny the allegations contained within Paragraph Thirty-one (31) of Plaintiff's Complaint.

32. Defendants deny the allegations contained within Paragraph Thirty-two (32) of Plaintiff's Complaint.

33. Defendants deny the allegations contained within Paragraph Thirty-three (33) of Plaintiff's Complaint.

34. Defendants deny the allegations contained within Paragraph Thirty-four (34) of Plaintiff's Complaint.

35. Defendants deny the allegations contained within Paragraph Thirty-five (35) of Plaintiff's Complaint.

36. Defendants deny the allegations contained within Paragraph Thirty-six (36) of Plaintiff's Complaint.

37. Defendants deny the allegations contained within Paragraph Thirty-seven (37) of Plaintiff's Complaint.

38. Defendants deny the allegations contained within Paragraph Thirty-eight (38) of Plaintiff's Complaint.

39. Defendants deny the allegations contained within Paragraph Thirty-nine (39) of Plaintiff's Complaint.

40. Defendants deny the allegations contained within Paragraph Forty (40) of Plaintiff's Complaint.

41. Defendants note that Plaintiff's Complaint does not contain a Paragraph Forty-one (41). Defendants deny the allegations contained within Paragraph Forty-two (42) of Plaintiff's Complaint.

42. Defendants admit in part and deny in part the allegations contained within Paragraph Forty-three (43) of Plaintiff's Complaint. Defendants admit that TTN and CLE Transportation had a valid and binding contract for the transportation of a load of bottled soda. Defendants, however, deny that payment for said transportation was the only material term of said contract. In particular, said contract included the express and material term that Plaintiff "PROTECT [THE LOAD] FROM FREEZE," which Plaintiff failed to do. Defendants further deny the remaining allegations contained within Paragraph Forty-three (43) of Plaintiff's Complaint.

43. Defendants deny the allegations contained within Paragraph Forty-four (44) of Plaintiff's Complaint.

44. Defendants admit the allegations contained within Paragraph Forty-five (45) of Plaintiff's Complaint. Answering further, as detailed in Defendants' Counterclaim below, Plaintiff itself breached the contract for transportation of the load in question and is not entitled to payment because of its breach.

45. Defendants deny the allegations contained within Paragraph Forty-six (46) of Plaintiff's Complaint.

**SECOND DEFENSE:**

46. Plaintiff has failed to state a claim upon which relief can be granted against Defendants.

**THIRD DEFENSE:**

47. Plaintiff's injuries and/or damages, if any, were caused by an independent, intervening, and/or superseding cause or causes, not under the control of Defendants.

**FOURTH DEFENSE:**

48. Plaintiff has failed to name all parties needed for a just adjudication of this matter, pursuant to Rule 19 of the Federal Rules of Civil Procedure.

**FIFTH DEFENSE:**

49. Plaintiff has failed to mitigate its damages, if any, and, therefore, Plaintiff's claims against Defendants are barred in whole or in part.

**SIXTH DEFENSE:**

50. The conduct of Plaintiff, whether characterized as contributory negligence or assumption of the risk, bars Plaintiff's recovery, or reduces Plaintiff's recovery in proportion to fault.

**SEVENTH DEFENSE:**

51. Plaintiff has failed to state a claim for punitive damages.

**EIGHTH DEFENSE:**

52. The allegedly defamatory statements of Defendants were true statements, and Defendants have not made any false statements regarding the Plaintiff.

**NINTH DEFENSE:**

53. The allegedly defamatory statements of Defendants were privileged.

**TENTH DEFENSE:**

54. Defendants have not acted with malice in any way relative to Plaintiff.

**ELEVENTH DEFENSE:**

55. The allegedly defamatory statements of Defendants are protected as statements of opinion.

**TWELFTH DEFENSE:**

56. Plaintiff's Complaint fails due to insufficiency of service and/or insufficiency of service of process.

**THIRTEENT DEFENSE:**

57. Defendants hereby assert those defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure that may be applicable to this action.

**FOURTEENTH DEFENSE:**

58. Defendants hereby reserve the right to raise all additional affirmative defenses as they may become apparent through discovery.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants Total Transportation Network, LLC, Erik H. Nodell, and Richard Sale respectfully request that Plaintiff's Complaint be dismissed, at Plaintiff's cost.

                        Respectfully submitted,

                        JURCA & LASHUK, LLC

                            /s/ Jeffrey J. Jurca
                        Jeffrey J. Jurca (0012107)
                        Sean P. Casey (0086378)
                        141 East Town Street, Suite 202
                        Columbus, Ohio 43215
                        (614) 846-9228; (614) 846-9181 fax
                        jjurca@jurcalashuk.com
                        scasey@jurcalashuk.com
                        *Attorneys for Defendants Total Transportation Network, LLC, Erik H. Nodell, and Richard Sale*

## COUNTERCLAIM OF DEFENDANT TOTAL TRANSPORTATION NETWORK, LLC, TO PLANTIFF'S COMPLAINT

Now comes Defendant Total Transportation Network, LLC ("TTN"), by and through the undersigned counsel, and for its Counterclaim against Plaintiff CLE Transportation, LLC, states and avers as follows:

1. Defendant TTN, is a broker of cargo loads that is organized as a limited liability company under the laws of the State of Illinois and maintains its principal place of business in Cook County, Illinois.

2. Plaintiff CLE Transportation, LLC, is a commercial motor carrier that is organized as a limited liability company under the laws of the State of Ohio and maintains its principal place of business in Huron County, Ohio.

3. Defendants Erik H. Nodell and Richard Sale are residents of the State of Illinois.

4. On February 9, 2021, Plaintiff entered into a contract with Defendant TTN for the transportation of a load of soda bottles from a shipper in Detroit, Michigan, to a distributor in Carrollton, Texas. Under said contract Plaintiff would transport the load in exchange for payment from Defendant TTN.

9

5. The contract between Plaintiff and Defendant TTN was also subject to an indemnification clause, under which Plaintiff agreed to indemnify and hold Defendant TTN harmless for any fines, claims, or losses resulting from an act or omission of the Plaintiff or its agents.

6. The contract for the load in question also included the express and material term that Plaintiff must "PROTECT [THE LOAD] FROM FREEZE."

7. The packing slip for this load stated a due date of February 12, 2021. After accepting the load assignment and its terms, however, Plaintiff requested that Defendant TTN reschedule the delivery for February 15, 2021.

8. Then on February 15, 2021, Plaintiff sent Defendant TTN an email stating that it was not going to make the delivery as scheduled. Plaintiff also asked that Defendant TTN to contact the distributor and request that the delivery be rescheduled for the following day, February 16, 2021, which Defendant TTN did.

9. Plaintiff, however, failed to make the delivery at the rescheduled time on February 16, 2021. That day, Plaintiff again asked Defendant TTN to move the delivery time to the following day, which Defendant TTN again did.

10. On February 22, 2021, Defendant TTN requested from Plaintiff an update regarding delivery of the load. At that time, Plaintiff advised Defendant TTN via email that it still had been unable make the delivery to the distributor, but that Plaintiff had stored the load in a warehouse in the meantime. Plaintiff further advised the delivery would happen in "the next day or so."

11. Plaintiff ultimately delivered the load to the distributor on February 23, 2021. Notably, Plaintiff advised Defendant TTN that the delivery was made without any issues regarding the load.

12. Subsequent to the delivery, however, the distributor notified Defendant TTN that the load of soda bottles was damaged, as the load had frozen in transit, resulting in broken seals and bottles, and excessive leaking.

13. As the leaking of the soda bottles created a health hazard because the sugar from the soda attracts pests, the distributor asked Defendant TTN to either pick up the damaged load or otherwise provide for the disposal of it.

14. Thereafter, Defendant TTN asked Plaintiff to pick up the damaged load or to agree to pay the costs to cover the disposal of the load.  Plaintiff, however, refused to pick up the load or pay such costs.

15. In a good-faith effort to abate the loss to the distributor and prevent the health hazard posed by the leaking load of soda, Defendant TTN paid for the loss of the damaged load and arranged for its disposal.

## COUNT ONE – BREACH OF CONTRACT

16. Defendant restates and realleges each and every allegation contained within Paragraphs One (1) through Fifteen (15) above, as if fully rewritten herein.

17. On February 9, 2021, Plaintiff and Defendant TTN entered into a valid contract regarding the transportation of a load of soda bottles from Detroit, Michigan, to Carrollton, Texas.  An express and material term of said contract was that Plaintiff must "PROTECT [THE LOAD] FROM FREEZE."

18. Plaintiff breached said contract by failing to protect the load from freezing, causing damage to the load and the distributor's rejection of the load.

19. Defendant TTN incurred damages as a result of Plaintiff's breach in the form of costs of the loss of the load and the costs of its disposal, as well as loss of its good-will relative to its customers.

## COUNT TWO – INDEMNIFICATION

20. Defendant restates and realleges each and every allegation contained within Paragraphs One (1) through Nineteen (19) above, as if fully rewritten herein.

21. The agreement between Plaintiff and Defendant TTN included an indemnification clause, under which Plaintiff agreed to indemnify and hold Defendant TTN harmless for any fines, claims, or losses resulting from an act or omission of the Plaintiff or its agents.

22. Plaintiff's failure to prevent the load of soda bottles from freezing resulted in a claim from the distributor for its lost cargo and the costs for disposing of the load, which Defendant TTN has paid.

23. Therefore, per the terms of their agreement, Plaintiff must indemnify Defendant TTN for the costs it has paid for or the distributor's lost cargo and the costs for disposing of the load.

**WHEREFORE**, Defendant Total Transportation Network, LLC, prays for judgment against Plaintiff CLE Transportation, LLC, in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), for the damages incurred as a result of Plaintiff's breach of contract and refusal to indemnify Defendant Total Transportation Network, LLC, for the additional losses it has incurred as a consequence of Plaintiff's breach, as well as post-judgment interest, attorneys' fees, the costs of this action, and any other relief the Court deems appropriate.

        Respectfully submitted,

        JURCA & LASHUK, LLC

        /s/ Jeffrey J. Jurca
        Jeffrey J. Jurca (0012107)
        Sean P. Casey (0086378)
        141 East Town Street, Suite 202
        Columbus, Ohio 43215
        (614) 846-9228; (614) 846-9181 fax
        jjurca@jurcalashuk.com
        scasey@jurcalashuk.com
        *Attorneys for Defendants Total Transportation Network, LLC, Erik H. Nodell, and Richard Sale*

## JURY DEMAND

Defendants demand a jury trial of eight (8) persons on all issues of the within cause.

        /s/ Jeffrey J. Jurca
        Jeffrey J. Jurca (0012107)

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that the foregoing was sent via the Court's electronic filing system, this 25th day of October 2021, upon the following:

Steven B. Beranek, Esq.
Corsaro & Associates Co., LPA
28039 Clemens Road
Westlake, Ohio 44145
*Attorneys for Plaintiff*

        /s/ Jeffrey J. Jurca
        Jeffrey J. Jurca (0012107)