**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **CLE TRANSPORTATION, LLC,** | CASE NO. 3:21 CV 2014 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **TOTAL TRANSPORTATION NETWORK, LLC, et al.,** | |
| | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

### INTRODUCTION

Currently pending before the Court in this removed breach of contract and defamation action is Plaintiff CLE Transportation, LLC's Motion to Remand to the Huron County Court of Common Pleas. (Doc. 7). Defendants Total Transportation Network, LLC, Erik H. Nodell, and Richard Sale oppose. (Doc. 9).

For the reasons set forth below, the Court DENIES Plaintiff's Motion to Remand.

### BACKGROUND

CLE originally filed this case in the Huron County Court of Common Pleas. (Doc. 1-1). According to the Complaint, Total Transportation contracted with CLE to transport bottles of soda from Detroit, Michigan to Carrollton, Texas in February 2021. *Id.* at ¶ 6. The parties agreed CLE would use a heated trailer to prevent freezing. *Id.* at ¶ 7. CLE contends it transported the load of soda, but due to snowstorms in Texas, no one was present to receive the soda in Carrollton. *Id.* at ¶ 9. While waiting, the truck ran out of gas, and CLE's driver could not find an open gas station to refuel; the trailer heater only operated if the truck was running. *Id.* at ¶¶ 11-

14. When the truck ran out of gas, the heater shut off, the soda froze, and the entire load was ruined. *Id.* at ¶¶ 15-17.

CLE contends it was not at fault, but Total Transportation blamed it for loss of the load and refused to pay. *Id.* at ¶¶ 19-20. It brings a breach of contract claim and seeks judgment in the amount of $10,038.00. *Id.* at ¶¶ 43-46; *id.* at 7 (prayer for relief).

CLE further asserts Nodell, acting as an employee/agent of Total Transportation, published a negative report on FreightGuard, a brokerage community website that provides information on different carrier and transportation services. *Id.* at ¶¶ 21-25. It asserts this report was false and defamatory and negatively affected CLE's business. *Id.* at ¶¶ 25-26. Finally, CLE asserts Sale, also an employee or agent of Total Transportation made false statements to CLE's insurance company. *Id.* at ¶¶ 27-30. CLE brings a defamation claim based on these allegations, asserting *inter alia*, that the reports were "knowing, intentional and malicious" such that "punitive damages are appropriate". *Id.* at ¶ 42. For this claim, CLE seeks damages in "an amount in excess of in excess of . . . $25,000 . . . plus interest, costs, attorneys' fees, [and] punitive damages". *Id.* at 7 (prayer for relief).

In the Notice of Removal, Defendants assert the amount in controversy exceeds $75,000. (Doc. 1, at 3). CLE thereafter moved to remand, arguing Defendants have not demonstrated the amount in controversy requirement by a preponderance of the evidence. (Doc. 7).

## STANDARD OF REVIEW

A civil case brought in a state court may be removed by a defendant to federal court only if it could have been brought there originally. 28 U.S.C. § 1441(a). A federal district court has original "diversity" jurisdiction where "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the suit is between "citizens of different states." 28

U.S.C. § 1332(a). The removing defendant has the burden of proving that these diversity jurisdiction requirements are met. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921).

DISCUSSION

CLE does not challenge that the parties are diverse[1], so the sole issue presented by the motion to remand is whether Defendants have carried their burden of establishing that the amount-in-controversy more likely than not exceeds $75,000. For the reasons discussed below, the Court finds it has jurisdiction over this matter.

"A court must conduct a fair reading of the allegations in the complaint to determine the amount in controversy." *Shupe v Asplundh Tree Expert Co.*, 566 F. App'x 476, 478 (6th Cir. 2014) (internal quotation marks and citations omitted)). Where, as here, a Complaint seeks an "unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," it is Defendants' burden to show by a preponderance of the evidence the requirement is met. *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds in Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Defendants do not have the "daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount in controversy requirement", *Hayes v. Equitable Energy Co.*, 266 F.3d 560, 572 (6th Cir. 2001), but must show it is "more likely than not" that the amount in controversy exceeds $75,000, *Heyman v. Lincoln National Life Ins. Co.*, 781 F. App'x 463, 470-471 (6th Cir. 2019) (citation and quotation omitted). While Defendants "need not show to a legal certainty that the amount in controversy met the federal requirement, [they] must do more than show a mere possibility that the jurisdictional amount is satisfied." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006).

---

1. This Court previously raised a jurisdictional question regarding the parties' citizenship (Doc. 5) and was satisfied with Defendants' response (Doc. 6) that the parties are diverse.

"In some instances, a fair reading of a complaint can establish the amount in controversy—even when that complaint seeks unspecified damages." *Crimaldi v. Pitt Ohio Express, LLC*, 185 F. Supp. 3d 1004, 1008 (N.D. Ohio 2016) (citation and quotation omitted).

Defendants contend the allegations of CLE's Complaint facially demonstrate this case meets the amount-in-controversy requirement. The Court agrees.

CLE's Complaint seeks distinct damages on each cause of action in its Complaint. First, it seeks judgment "in an amount in excess of" $25,000.00 plus, *inter alia*, punitive damages on its defamation claim. (Doc. 1-1, at 7). Second, it seeks judgment in the amount of $10,038.00 on its breach of contract claim. *Id.* Punitive damages are available for defamation claims in Ohio. *See, e.g., Blatnik v. Dennison,* 148 Ohio App. 3d 494, 509–10 (Ohio Ct. App. 2002) (affirming jury award of punitive damages based on defamation claim). And Ohio law permits the recovery of punitive damages on tort claims for up to two times the amount of awarded compensatory damages. *See* Ohio Rev. Code § 2315.21(D)(2). "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Hayes*, 266 F.3d at 572 (6th Cir. 2001) (internal quotation and citation omitted); *see also Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining [the] jurisdictional amount.").

The Court finds that a fair reading of the Complaint demonstrates the amount in controversy requirement is satisfied. CLE alleges compensatory damages in excess of $25,000 on its defamation claim and includes a claim for punitive damages (which could be up to twice that amount, or over $50,000), in addition to its breach of contract claim for $10,038. Thus, CLE's Complaint on its face asserts a claim for over $85,000.

4

Therefore, the Court finds Defendants have met their burden to establish it is more likely than not that the amount in controversy in this case exceeds $75,000 and CLE's Motion to Remand is denied.

**CONCLUSION**

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Remand (Doc. 5), be and the same hereby is, DENIED.

 s/ *James R. Knepp II*                
UNITED STATES DISTRICT JUDGE
